The Honorable Mike Beebe President Pro Tempore Arkansas 83rd General Assembly 211 West Arch Avenue Searcy, Arkansas 72143-5531
Dear Senator Beebe:
I am writing in response to your request for an opinion on the validity of an ordinance of the City of Beebe. You have enclosed a copy of the ordinance which is entitled "An Ordinance Establishing a Policy to Ensure the Proper Disclosure of All Freedom of Information Act Requests Made to The City of Beebe, Arkansas; Declaring an Emergency; and, For Other Purposes." The copy of the ordinance you have enclosed contains several underlined portions and it is these portions of the ordinance that I assume are the cause of concern. I have reprinted the relevant portions, with the underlined text in emphasized language, below:
 Section 4 — Any person or entity may make a request for information pursuant to FOIA. Such request shall be directed to the keeper of the city records, Office of City Clerk/Treasurer, and shall be made in writing and delivered by United States Postal Service mail with sufficient postage to ensure delivery, or by any other postal service, or by hand delivery. Telefax will be considered effective delivery of any request provided the petitioner has executed payment in advance for any request requiring the copying of records.
* * *
 Section 7 — As soon as is practicable and if the records are in the possession of the keeper of the records, such information will be given to the petitioner for in-person examination. The examination of all records will occur within the perimeter of the Office of City Hall foyer area or other such area approved by the keeper of the records. No fees will be collected by the City for in-person examination of any requested materials. The original documents will not be removed from the perimeter of City Hall without the express permission of the City Attorney who will ensure that such waiver is noted on the FOIA request. The examination will be for a reasonable amount of time in accordance with the hourly operation and schedule of City Hall and the Office of City Clerk/Treasurer.
* * *
 Section 10 — . . . No material or record subject to FOIA will be delivered by telefax without express permission of the City Attorney who will ensure that such waiver is noted on the FOIA request and all required fees have been paid.
* * *
 Section 11 — The reasonable costs of copying requested material will be at the rate of One Dollar ($1.00) for the first five (5) pages, and Fifty Cents ($.50) for every page thereafter and may be modified by the City Counsel. No fee will be charged for the time spent in retrieving the records or materials. . . .
Your question is whether these provisions are "valid."
RESPONSE
In my opinion, at least in some respects, the ordinance is contrary to the Arkansas Freedom of Information Act and is therefore invalid to that extent. Other portions of the ordinance are consistent with that act and are thus valid.
I must note as an initial matter that the topic of "[p]ublic information and open meetings" is not a "municipal affair." See A.C.A. § 14-43-601
(a)(1)(A). Although a municipality is authorized to exercise full legislative power in any and all matters pertaining to its municipal affairs, there are a number of areas that are specifically designated by state law as "state affairs," which are subject to the general laws of the state. A.C.A. § 14-43-602 and § 14-43-601(a)(1). Public information and open meetings tops the list. A.C.A. § 14-43-601(a)(1)(A). Nevertheless, municipalities may exercise any function or legislative power upon "state affairs" if not in conflict with state law. A.C.A. §14-43-601(a)(2). The question thus becomes whether any portions of the ordinance you have enclosed are in conflict with state law.
In my opinion Section 4 of the ordinance raises two issues in this regard.
First, this section requires requests for public records to be submitted in writing. In my opinion, under current state law, this provision is in conflict with the Arkansas Freedom of Information Act or "FOIA." My predecessor has concluded, and I agree, that the FOIA does not require requests for records to be in writing. See Op. Att'y Gen. 96-354 (stating that the "additional requirement of a written request is probably contrary to the provisions of the FOIA").[1]
Second, Section 4 of the ordinance states that "telefax" will be considered effective delivery of an FOIA request only if payment has been made in advance for any request requiring copying of records. The consistency of this requirement with the FOIA may depend upon how it is applied. The language of the ordinance is a little unclear in this regard.
Under the FOIA, there is currently no obligation on the part of the custodian to make copies or to mail or fax records in response to an FOIA request. See Ops. Att'y Gen. 92-289 and 88-161. See also Blaylock v.Staley, 293 Ark. 26, 732 S.W.2d 152 (1987). To the extent a "telefax" request seeks the copying of records and the custodian is agreeable to providing copies, it is in all likelihood within the custodian's discretion to require payment for copies in advance.
In my opinion, however, the custodian may not simply ignore or treat a telefaxed FOIA request as "[in]effective delivery" of such a request, whether or not it seeks the copying of records. In my opinion, after receipt of such a request the custodian is required to respond to the requester and indicate whether the records are subject to inspection and copying and if in active use or storage, set a time within three working days within which to provide the records. While the custodian is not required to provide, mail or fax copies to the requester, he is required, in my opinion, to respond to the request and inform the requester that he may inspect public records at the public office within the applicable time frame.
The emphasized portion of Section 7 of the ordinance is in my opinion consistent with the FOIA. This section provides that examination of records will occur within the perimeter of the City Hall foyer area or other area approved by the custodian and that the original documents will not be removed from City Hall without the city attorney's permission. The FOIA generally requires the provision of "reasonable access to public records and reasonable comforts and facilities for the full exercise of the right to inspect and copy those records." A.C.A. § 25-19-105(d). The Arkansas Supreme Court has stated that this general requirement, however, does not encompass a requirement that a requestor be allowed to remove records to another location for copying. See Blaylock v. Staley,293 Ark. 26, 732 S.W.2d 152 (1987). See also, Ops. Att'y. Gen. 95-355 and 95-327. In my opinion, therefore, this provision of Section 7 of the ordinance is not contrary to the FOIA.
The underlined portion of Section 10 of the ordinance is in my opinion also consistent with the FOIA. It states that no requested record will be delivered by telefax without express permission of the city attorney. Again, a custodian is not required to mail or fax records to a requester. Such a custodian certainly may, however, agree to mail or fax records voluntarily. See Ops. Att'y. Gen. 92-289 and 88-161. The imposition of procedural conditions on such a voluntary act is not contrary to the FOIA.
Finally, Section 11 of the ordinance sets the fees for provision of copies of City records. The rate is one dollar for the first five pages and fifty cents for every page thereafter (as may be modified by the City Counsel). I stated in Opinion 99-133, with regard to charging fees for public documents, as follows:
 As noted in previous opinions issued by this office, the Arkansas Freedom of Information ("FOIA," codified as A.C.A. §§ 25-19-101 et seq.) does not directly address the issue of fees or charges for copies of public records or for access to computerized records. See Op. Att'y Gen. Nos. 97-115, 96-259, 94-282. The act is simply silent on this question. Nor are there any reported Arkansas cases establishing or approving any set charges for public records. I thus cannot offer a conclusive response to this question. I agree with the statement that the FOIA does not itself require agencies to provide copies free of charge to the public. See Op. Att'y Gen. 96-259 (citing several unpublished decisions); see also Moore v. State, 324 Ark. 453, 921 S.W.2d 606 (1996) (stating that the FOIA "does not require a court to provide free-of-charge a copy of material on file with the court.") Questions arise, however, with respect to any parameters or restrictions on the amount of the fee. Op. Att'y Gen. 96-259.
 In accordance with previous opinions of this office, I believe a "reasonableness" test likely applies. Op. Att'y Gen. Nos. 96-259
(noting previous opinions regarding fees being "reasonably related to the actual cost of producing the copies[;]") and 97-030 (opining that the same "reasonableness" test will apply in the case of electronic data compilations.) Again, however, there is no standard, set charge. While it appears that some fee is chargeable, the reasonableness of the fee in a specific instance will likely require analysis of the particular factors producing the cost incurred. Op. 96-259. It is clear, in this regard, that an agency may not charge a fee for the time spent in retrieving the records. See, e.g., Op. Att'y Gen. Nos. 95-031
and 94-282. Otherwise, however, the factors will obviously vary case by case, and agency by agency. And it has been previously opined that an agency must be prepared to justify the costs assessed in the event of a challenge. Op. Att'y Gen. 90-095.
Opinion 99-133 at 2.
It has also been stated that:
 In some instances, the costs may be greater for some documents than for others. It is thus conceivable that an agency would charge more for some documents than for others depending upon the costs of production. It would be impermissible, however, to charge different people different amounts for the same document.
Op. Att'y Gen. 94-282 at 2.
In my opinion, therefore, the fees charged for copies of public documents by the City of Beebe must be reasonably related to the actual cost of producing the copies. The question of whether the City's fees fail this test is obviously a factual question. I can state however, that the stated fees raise an obvious question as to their reasonableness. Presumably, a requester seeking a one-page copy will be charged one dollar for the copy. If the requester seeks more than five copies, he will be charged fifty cents for every such copy. As my predecessor stated in Opinion 96-259:
 I noted in Op. Att'y Gen. 94-282 that a former Attorney General Opinion (No. 87-481), concluded, as had at least one circuit court, that a twenty-five cents a page fee was not unreasonable. I do not disagree with that conclusion, but of course, the factors comprising the fee would have to be analyzed in order to come to a definitive conclusion as regards a particular charge.
Opinion 96-259 at 2.
Again, the City must be prepared to justify that its fees are "reasonably related" to the actual cost of producing the records. Absent such a showing, the fees may be contrary to the Arkansas FOIA.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] It should be noted, however, that a pending bill in the 83rd
General Assembly would amend A.C.A. § 25-19-105 to allow custodians to require requests to be submitted in writing. See Senate Bill 897, § 2.